Judge Williams
(after argument, Williams for the Plaintiff and Davie fir the Defendant) — The notice ought to be personally served upon the Defendant — otherwise, a man might contrive to leave notice at the house of his adversary, after h- wa- gone upon a journey ; and .-ike the dejmsitiou either before his return, or so soon after, as would put it out of l¡is power to repair to the place ap *466 pointed, and thus deprive him of the benefit of cross-ex* attaining the witness, The instance given at the bar is a proof, that we. should hold a strict hand over this kind of evidence — the person ii.tending to take the deposition, waited till he saw bis opponent on his journey to New-York, where, he had very important business to transact, which necessarily must detain him beyond the time specified in the notice.
Judge Haywood — I am of opinion the deposition should be read ; what, is sufficient service of notice in other cases should be deemed so in this. The law supposes in other cases that the notice left at his place of abode, actually comes to his knowledge, and proceeds against him upon that supposition. If notice to a juror be left at his place of abode, and he does not attend, he shall be fined. 1779, ch. 6, sec. G. So of a witness, 1777, ch. % sec. 36. Such notice of a declaration in ejectment is sufficient — so of a subpoena in chancery to answer. 1 Harrison %5l.— So of a notice in chancery to take depositions, if it be left at the place of abode of the opposite party, the other party may proceed to take his depositions, and they will be good. 2. Harrison 29. It tnay indeed sometimes happen that the notice may not actually come to the party’s knowledge. (see 2 Stra. 1044) and the deposition may be taken ex parte. This may he obviated by his moving the court to postpone the cause, upon an affidavit, of the notice having not come to iiis knowledge, till lie can have an opportunity of taking the deposition of the same witness himself, and by that means to have the. benefit of a cross-examination, it is better to adopt this mode, than to require a notice to be personally served, and to throw a temptation in the way of the party to conceal himself. For then as long as ite can keep out of the way of personal service, he. defeats his antagonist of a trial ; whereas by allowing a service at the bouse to be good, be lias no such temptation, as a concealment of his person will not hinder the taking of the deposition, and they will he read ■ when the trial comes on in course ; unless upon affidavit he can shew a fair cause to the/court foe a continuance. If we require personal notice in all cases, many persons will he tempted to adopt measures to prevent the service of it, and to hinder the course of law by their own dexterity. The court, differing, the deposition could not he read, and the Plaintiff was nonsuited.